[Cite as *Bank of New York Melon Corp. v. Erickson*, 2017-Ohio-599.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE BANK OF NEW YORK MELLON CORPORATION AS TRUSTEE FOR SPECIALTY UNDERWRITING AND RESIDENTIAL FINANCE TRUST, SERIES 2005-BC4 | : : : : : : : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : : | Hon. W. Scott Gwin, J. Hon. William B. Hoffman, J. |
| -vs- | : : | Case No. 2016CA00155 |
| | : : | |
| TAMI M. ERICKSON, ET AL. | : : : | |
| Defendants-Appellants | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                             Common Pleas, Case No.
                             2015CV00215

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      February 13, 2017

APPEARANCES:

For Plaintiff-Appellee:                For Defendants-Appellants:

JAMES W. SANDY                         BRIAN D. FLICK
25550 Chagrin Blvd., Suite 406         MARC E. DANN
Cleveland, OH 44122                    P.O. Box 6031040
                                       Cleveland, OH 44103

*Delaney, P.J.*

{¶1}   Defendant-Appellant Tami M. Erickson appeals the July 13, 2016 judgment entry of the Stark County Court of Common Pleas.

### FACTS AND PROCEDURAL HISTORY

### The Loan

{¶2}   On June 2, 2005, Defendant-Appellant Tami M. Erickson executed an Adjustable Rate Note in the principal amount of $225,000 in favor of MILA, Inc. The Note contained a blank endorsement. The same day, Erickson executed a Mortgage granting Mortgage Electronic Registration Systems, Inc. ("MERS"), its successors and assigns, a security interest in the property located in Canton, Ohio.

### Terms of the Adjustable Rate Note

{¶3}   The terms of the Note require Erickson as Borrower to make a monthly payment on the first of the month, beginning on August 1, 2005. The Note states if the Borrower fails to pay the full amount of each monthly payment on the date it is due, the Borrower is in default. Under the terms of the Note, however, a default does not equate to automatic acceleration. The Note provides "Notice of Default":

> If I [Borrower] am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

If the Borrower is in default and the Note Holder does not require the Borrower to pay in full, the terms of the Note provide the Note Holder with the right to require immediate full payment if the Borrower is in default at a later time.

### Assignments of the Note and Mortgage

{¶4}   On February 13, 2008, MERS assigned the Mortgage to the Bank of New York Trust Company, N.A., as successor Trustee to JPMorgan Chase Bank, National Association, as original Trustee for the MLM1SURF Trust Series 2005-BC4. In May 2013, the Mortgage was assigned to The Bank of New York Mellon Successor to JPMorgan Chase Bank as Trustee in Trust for Registered Holders of Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates, Series 2005BC-4. Plaintiff-Appellee The Bank of New York Mellon Corporation as Trustee for Specialty Underwriting and Residential Finance Trust, Series 2005-BC4 ("Bank of New York") is now in possession of the original Mortgage. There was no formal assignment of the Mortgage from the previous mortgage holder to Bank of New York.

{¶5}   The Note executed by Erickson was endorsed in blank. Before November 16, 2009, a previous iteration of Bank of New York acquired possession of the Note. The original document, however, could not be located.

### Erickson's Default

{¶6}   Erickson failed to make a mortgage payment on May 1, 2008. She did not make any mortgage payments thereafter.

{¶7}   Erickson filed a Chapter 7 Bankruptcy case. She was granted a discharge of the mortgage debt on February 10, 2010 and the case was terminated on April 13, 2010.

{¶8}   On April 16, 2014, the mortgage loan servicer sent Erickson a letter via first class mail notifying her she was in default under the terms and conditions of the Note and Mortgage. The servicer stated Erickson must pay the default amount of $129,373.48 by May 21, 2014 to cure the default. The letter further stated that failure to pay the default amount could result in acceleration of the sums secured by the Note, foreclosure proceedings, and sale of the property.

{¶9}   Erickson did not cure the default. Bank of New York then accelerated the unpaid principal balance of the mortgage loan in the amount of $219,875.35 plus interest.

**Complaint in Foreclosure**

{¶10} On January 28, 2015, Bank of New York filed a complaint in foreclosure against Erickson. Bank of New York sought the unpaid sum of $219,875.35 plus interest at a variable rate from April 1, 2008. Bank of New York did not seek to hold Erickson personally liable on the Note because her liability was discharged in bankruptcy. In support of its complaint in foreclosure, Bank of New York attached an Affidavit of Lost Note, stating that Bank of New York had acquired possession of the Note, but the Note was now either destroyed or lost.

{¶11} Erickson requested mediation, but mediation was unsuccessful. After the filing of various motions by the parties, Bank of New York filed its motion for summary judgment. Erickson filed a cross-motion for summary judgment. In her cross-motion for summary judgment, Erickson argued Bank of New York was not entitled to enforce the Note because the Affidavit of Lost Note did not comply with R.C. 1303.38. Erickson further argued the trial court was without jurisdiction to consider the complaint in foreclosure because the statute of limitations to enforce the Note was expired.

{¶12} On July 13, 2016, the trial court granted Bank of New York's motion for summary judgment and denied Erickson's cross-motion for summary judgment. It is from this judgment Erickson now appeals.

## ASSIGNMENTS OF ERROR

{¶13} Erickson raises two Assignments of Error:

{¶14} "I. THE TRIAL COURT ERRED IN FINDING THE STATUTE OF LIMITATIONS UNDER R.C. § 1303.16(A) DID NOT APPLY.

{¶15} "II. THE TRIAL COURT ERRED IN FINDING THE APPELLEE WAS ENTITLED TO FORECLOSE ON THE MORTGAGE UNDER *HOLDEN, JACKSON* AND *FILLMORE*."

## ANALYSIS

### Standard of Review

{¶16} Erickson argues in both Assignments of Error that the trial court erred in granting summary judgment in favor of Bank of New York. We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is

adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶17} The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶18} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

## I. Statute of Limitations

{¶19} Erickson argues in her first Assignment of Error that the complaint in foreclosure, filed on January 28, 2015, was filed after the expiration of the six-year statute of limitations pursuant to R.C. 1303.16(A). We disagree.

{¶20} R.C. 1303.16(A) states that "an action to enforce the obligation of a party to pay a note payable at a definite time shall be brought * * * within six years after the accelerated due date." R.C. 1303.16 codifies Uniform Commercial Code §3-118 in Ohio. *Bank of New York Mellon v. DePizzo*, 2015-Ohio-4026, 42 N.E.3d 1218, ¶ 16 (11th Dist.).

Erickson contends the statute of limitations began to run on April 1, 2008, the date Bank of New York states Erickson defaulted on the loan.

{¶21} A borrower in foreclosure raised the identical argument before the Eighth District Court of Appeals in *Bank of New York Mellon Trust Co., N.A. v. Unger*, 8th Dist. Cuyahoga No. 101598, 2015-Ohio-769. In *Unger*, the borrower missed a payment on his mortgage loan in January 2007. Bank of New York provided the borrower a notice of default in April 2007. The borrower did not cure the default. Bank of New York filed a complaint in foreclosure on March 11, 2013. The borrower contended the complaint was filed outside the statute of limitations because the accelerated due date on the mortgage loan was January 2007. The Eighth District held there was no Civ.R. 56 evidence to support the borrower's claim that "defaulting on the monthly payment automatically resulted in the entire amount being immediately accelerated * * *." *Id*. at ¶ 9. "Defaulting on the monthly obligation is not the same as accelerating the due date of the entire balance unless the note provides for such an occurrence." *Id*. at ¶ 10. The terms of the note and mortgage did not provide for automatic acceleration. *Id*. The evidence in *Unger* showed the borrower had the option of curing the default by remitting the missing monthly payments in order to put the account in good standing. *Id*. Pursuant to the terms of the letter notifying the borrower of the default, "it was only upon their failure to cure the default that the entire balance owed on the note was accelerated." *Id*.

{¶22} In the present case, the Note contains an acceleration clause, but it does not provide for automatic acceleration upon default. The Note provides "Notice of Default":

> If I [Borrower] am in default, the Note Holder may send me a written notice
>
> telling me that if I do not pay the overdue amount by a certain date, the Note

> Holder may require me to pay immediately the full amount of Principal which
>
> has not been paid and all the interest that I owe on that amount. That date
>
> must be at least 30 days after the date on which the notice is mailed to me
>
> or delivered by other means.

The mortgage servicer notified Erickson of her default on April 16, 2014. The servicer stated Erickson must pay the default amount of $129,373.48 by May 21, 2014 to cure the default. The letter further stated that failure to pay the default amount could result in acceleration of the sums secured by the Note, foreclosure proceedings, and sale of the property. Erickson did not cure the default by May 21, 2014.

{¶23} Statute of Limitations is an affirmative defense. Civ.R. 8(C). Erickson failed to provide Civ.R. 56 evidence that the mortgage loan was accelerated earlier than May 2014. Therefore, reasonable minds could only conclude the complaint in foreclosure was filed within the statute of limitations period.

{¶24} Erickson's first Assignment of Error is overruled.

## II. Affidavit of Lost Note

{¶25} In her second Assignment of Error, Erickson contends Bank of New York failed to establish it was entitled to foreclose on the Note and Mortgage. Erickson states that Bank of New York failed to establish it was the holder of the Note through its Affidavit of Lost Note.

{¶26} In support of its complaint in foreclosure and motion for summary judgment, Bank of New York attached an "Affidavit of Lost Note" to comply with the requirements of R.C. 1303.38. R.C. 1303.38, which is captioned "Enforcement of lost, destroyed, or stolen instrument", states as follows:

(A) A person not in possession of an instrument is entitled to enforce the instrument if all of the following apply:

(1) The person was in possession of the instrument and entitled to enforce it when loss of possession occurred.

(2) The loss of possession was not the result of a transfer by the person or a lawful seizure.

(3) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(B) A person seeking enforcement of an instrument under division (A) of this section must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, divisions (A) and (B) of section 1303.36 of the Revised Code applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection for the person required to pay the instrument may be provided by any reasonable means.

{¶27} The burden of proof to recover on a lost note is by a preponderance of the evidence. *In re Perrysburg Marketplace Co.,* 208 B.R. 148 (Bankr.N.D.Ohio 1997). *Fifth*

*Third Mtge. Co. v. Fillmore*, 5th Dist. Delaware No. 12 CAE 04 0030, 2013-Ohio-312, ¶¶ 36-42.

{¶28} Bank of New York attached an "Affidavit of Lost Note" to its complaint in foreclosure and motion for summary judgment. Attached to the affidavit was a copy of the Note that Bank of New York alleged was lost. The affidavit stated that according to the business records of the mortgage servicer, the original Note was lost:

4. I [employee of Bank of America, N.A., Bank of New York's prior mortgage servicer] have personal knowledge that BANA's lost note procedures were followed in determining that the Note has been lost and that a good faith effort was made to locate the lost note in accordance with such procedures.

5. Based on BANA's business records, BANA, or its predecessor (as servicer or by merger) or the custodian, acquired possession of the Note on or before November 16, 2009.

6. On information and belief, after due diligence, possession of the note cannot be reasonably be obtained because the Note was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person.

7. Based on BANA's business records, the loss of possession of the Note is not the result of a rightful transfer or a lawful seizure of the Note.

{¶29} Upon review of the Affidavit of Lost Note, we find Bank of New York sufficiently established that although the original Note could not be located, the summary judgment burden must be shifted to Erickson to set forth specific facts demonstrating a genuine issue of material fact for trial. *See Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674

N.E.2d 1164 (1997). Erickson argues the Affidavit of Lost Note fails to establish by a preponderance of the evidence that Bank of New York was in possession of the Note and was entitled to enforce the Note when the loss of possession occurred. R.C. 1303.38(A)(1). Erickson, however, has not supplied any Civ.R. 56 evidence in response that would contradict the information supplied in the Affidavit of Lost Note or that would show any issue of material fact in dispute. *Flagstar Bank F.S.B. v. Diehl*, 5th Dist. Ashland No. 09 COA 034, 2010-Ohio-2860, ¶ 25.

{¶30} Erickson's second Assignment of Error is overruled.

### CONCLUSION

{¶31} The judgment of the Stark County Court of Common Pleas is affirmed.

By:  Delaney, P.J.,

Gwin, J. and

Hoffman, J., concur.