[Cite as *Picalovski v. Humphreys*, 2014-Ohio-1709.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Dragon Picalovski et al., | : | |
| Plaintiffs-Appellees, | : | |
| | : | No. 12AP-103 |
| v. | : | (C.P.C. No. 07 CVE06 7292) |
| Gloria L. Humphreys, a.k.a. | : | (REGULAR CALENDAR) |
| Gloria Humphreys, | | |
| | : | |
| Defendant-Appellant, | | |
| | : | |
| Bayview Loan Servicing, LLC et al., | | |
| | : | |
| Defendants-Appellees. | | |
| | : | |

D E C I S I O N

Rendered on April 22, 2014

*Kevin R. Nose*, for appellant.

*The Law Offices of John D. Clunk, Jason A. Whitacre*, and *Laura C. Infante*, for appellee Bayview Loan Servicing, LLC.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Gloria L. Humphreys, a.k.a. Gloria Humphreys, defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas in which the court granted the motion for default judgment filed by Bayview Loan Servicing, LLC ("Bayview") defendant-appellee.

{¶ 2} In 1997, Boris Picalovski sold Humphreys his home, located at 7575 Riverside Drive, Dublin, Ohio, with a second mortgage taken back by Picalovski. Through a series of subsequent assignments, Bayview became the owner and holder of the first

mortgage and note. Thereafter, Humphreys discovered alleged misrepresentations Picalovski made to her during the sale of the home. She and Picalovski were allegedly attempting to resolve these issues when Picalovski died in a vehicular accident in 2001. Humphreys apparently stopped paying on both the first and second mortgages.

{¶ 3} On June 1, 2007, Picalovski's siblings, Dragon Picalovski and Elizabeth Vargo ("plaintiffs"), as the current holders of the note securing the second mortgage between Picalovski and Humphreys, initiated the present foreclosure action against Humphreys and Bayview, as well as several other defendants. Humphreys claims she was never served with the complaint. On June 28, 2007, Bayview filed an answer and cross-claim. Humphreys claims she was never served with Bayview's answer and cross-claim.

{¶ 4} On September 7, 2007, after learning of plaintiffs' complaint, Humphreys' counsel appeared and filed an answer.

{¶ 5} On February 21, 2008, plaintiffs filed a motion for summary judgment which the trial court denied on June 30, 2008. On September 5, 2008, Bayview filed a motion for default judgment on its cross-claim.

{¶ 6} On September 30, 2008, the trial court adopted a stipulation between Bayview and Humphreys that, absent a resolution and final determination of plaintiffs' claims, Humphreys and Bayview would be unable to resolve their differences. The stipulation also provided that Bayview's cross-claim against Humphreys would be bifurcated from the other claims in the case. The parties further stipulated: (1) any hearing and determination of Bayview's cross-claim shall occur after resolution and final determination of plaintiffs' claims, and (2) Bayview's motion for default judgment upon its cross-claim shall be held in abeyance by the court for briefing and determination after resolution and final determination of plaintiffs' claims.

{¶ 7} On November 12, 2008, the trial court granted Bayview's motion for default judgment on its cross-claim. On December 15, 2008, plaintiffs filed a motion to vacate the trial court's November 12, 2008 judgment which the trial court granted May 20, 2009. According to several entries from the magistrate, the parties participated in mediation efforts and reached a tentative settlement.

{¶ 8} On May 24, 2010, Bayview filed a motion for leave to file default judgment and motion for default judgment on its cross-claim in foreclosure. Humphreys claims the

motion for default judgment contained no certificate of service, and the motion for leave to file the motion for default was not served upon her counsel but was mailed to an incorrect home address for her.

{¶ 9}   On January 11, 2012, the trial court granted Bayview's motion for default judgment. On January 23, 2012, the trial court filed an amended judgment entry granting Bayview's motion for default judgment and entering a decree of foreclosure. Humphreys appeals the judgment of the trial court, asserting the following assignment of error:

> The trial court erred in granting the (Foreclosure) Judgment Decree with Reformation filed on January 11, 2012, and the Amended Judgment Entry with Reformation filed on January 23, 2012.

{¶ 10} Humphreys argues in her assignment of error that the trial court erred when it granted default judgment in favor of Bayview on its cross-claim against her. Humphreys contends the trial court erred in granting default judgment because (1) the cross-claim was not served upon her, (2) the entry of default was contrary to the prior stipulation entered into between her and Bayview on September 30, 2008, (3) the trial court did not comply with Loc.R. 55.01, and the motion for default was filed without notice to her or her counsel, and (4) the evidence to support the motion for default judgment was not properly authenticated and sworn to as required by law.

{¶ 11} In addressing Humphreys' second argument above, Bayview notes in its brief that it believes the parties entered into an agreement subsequent to the September 30, 2008 stipulation that effectively amended or negated the stipulation. However, Bayview concedes that, because the subsequent agreement is not part of the record before the court, the stipulation rendered its motion for default judgment premature and prohibited the trial court from granting default judgment. We agree that the stipulation clearly sets forth that the trial court would not address Bayview's cross-claim and motion for default judgment until after the legal issues between plaintiffs and Humphreys were resolved. As the claims between plaintiffs and Humphreys had not yet been resolved at the time the trial court granted Bayview's motion for default judgment, the trial court erred and the default judgment must be reversed. We also note that, although Humphreys' four arguments all raise separate legal and factual questions, they

all seek the same result; that is, Humphreys seeks to vacate the default judgment. As we have found the trial court's default judgment must be reversed due to the parties' stipulation, we need not address Humphreys' other arguments. For these reasons, Humphreys' assignment of error is sustained.

{¶ 12} Accordingly, Humphreys' single assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed.

*Judgment reversed.*

SADLER, P.J., and CONNOR, J., concur.

_____